**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISMAIL HASSAN,<br><br>               Petitioner-Appellant,<br><br>  v.<br><br>MIKE OBENLAND,<br><br>               Respondent-Appellee. | No.   18-36066<br><br>D.C. No. 2:18-cv-00067-JCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted May 8, 2020[**]
Seattle, Washington

Before:  KLEINFELD, W. FLETCHER, and RAWLINSON, Circuit Judges.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.  We examine the

Washington Supreme Court decision to determine whether it "was contrary to, or

involved an unreasonable application of, clearly established Federal law, as

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

determined by the Supreme Court of the United States," or whether it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). It was not.

The Supreme Court holding at issue was *Strickland v. Washington*, 466 US 668, 687–90, 694 (1984), under which Hassan's habeas showing had to demonstrate both deficient performance, subject to a "strong presumption" that counsel's performance might be considered sound trial strategy, and prejudice to the defense with a reasonable probability of a different result had counsel proceeded differently. That showing was not made.

The Washington Supreme Court's holding was based on the proposition that counsel may reasonably have calculated that a lesser included offense instruction would undermine defendant's misidentification strategy. That holding is reasonable. Hassan's claim that he was not the shooter might indeed have been weakened by a claim that even if he was the shooter, his intentions were not as bad as the charge required.

Hassan, in his artfully phrased declaration, does not claim that he would have asked counsel to ask for a lesser included offense instruction had his lawyer consulted him about it. His declaration says merely that he "would not have had any problem" with it. He appears to be saying that he would not have objected to counsel's asking for the instruction, not that he would have told his lawyer to do so.

Had Hassan obtained the instruction, it is hard to see how a jury could have found a predicate in the evidence to convict him of the lesser but not the greater offense. Either he was not the shooter, as he claimed, or he was, and had lied.

Hassan's lawyer put on a strong defense, complete with an excellent expert witness, to support Hassan's claim that he was not the shooter and was misidentified. The jury rejected it, evidently disbelieving Hassan. The Washington Supreme Court made no prejudicially unreasonable determinations which might entitle Hassan to relief under 28 U.S.C. § 2254.

**AFFIRMED.**